The document below is hereby signed.

Signed: December 13, 2013



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION EXPLAINING COURT'S TREATMENT OF
SATISFIED CLAIMS ADDRESSED BY *FIRST OMNIBUS OBJECTION TO CLAIMS*

The *First Omnibus Objection to Claims* (Dkt. No. 294) objects that several of the claims it addresses have been satisfied. Those claims were allowed claims, and the objection is not that the claims ought not have been allowed claims in the case but that they should be treated as allowed claims that have been satisfied. No creditor whose claim is the subject of a contention in the *First Omnibus Objection to Claims* that the claim was satisfied has filed an opposition. Although the claims may have been presumptively valid under Fed. R. Bankr. P. 3001(f), the issue is not whether the claims were valid but whether they have been satisfied after they were filed, and there is no need for evidence contesting the validity of the claims.

Pursuant to Fed. R. Bankr. P. 9021 and Fed. R. Civ. P. 58, a separate order follows decreeing that each of the satisfied claims at issue is treated as having been satisfied, with no balance remaining owing on such claim, such that no allowed claim remains.  Although I expressly determine that there is no just reason for delay in entering a final judgment as to this part of the claims addressed by the *First Omnibus Objection to Claims*, that determination is unnecessary.  Fed. R. Bankr. P. 3007(f) provides that the finality of the court's order regarding any of the claims "shall be determined as though the claim had been subject to an individual objection," thus trumping Fed. R. Civ. P. 54(b) (dealing with orders disposing of less than all of the claims in a civil action, made generally applicable to contested matters by the incorporation in Fed. R. Bankr. P. 9014(b) of Fed. R. Bankr. P. 7054.  I nevertheless will direct the clerk to enter the separate order (decreeing the claims at issue are satisfied claims) as a final appealable judgment so that the parties are alerted that the order is a final appealable judgment.

[Signed and dated above.]

Copies to: Recipients of e-notification.