The document below is hereby signed.

Signed: July 19, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER GRANTING MOTION TO
<u>REOPEN FOR PURPOSES OF ENTERTAINING REMOVED CIVIL ACTION</u>

The debtor brought a malpractice action in the Superior Court of the District of Columbia, _Trigee Foundation, Inc. v. Lerch, Early & Brewer, Chtd., et al._, Case No. 2016 CA 001511 M, against defendants who allegedly committed malpractice in representing the debtor in this bankruptcy case.  The defendants removed the action to this court as related to this closed bankruptcy case, and the action was assigned Adversary Proceeding No. 16-10025.  As required by the court, the defendants have filed a motion to reopen the bankruptcy case in order to have the adversary proceeding addressed in a reopened case.  The debtor opposes the motion to reopen.

I

This bankruptcy case was dismissed some time ago, and

thereafter the clerk entered an order closing the case. The closing of the case was not the usual type of closing contemplated by 11 U.S.C. § 350(a) and Fed. R. Bankr. P. 3022. Upon dismissal, there was no estate to be administered, and the closing of a case under § 350(a) is required "[a]fter an estate is fully administered and the court has discharged the trustee . . . ." Here, dismissal resulted in there no longer being an estate to administer.[1] Moreover, there was no confirmed plan with respect to which to "enter a final decree closing the case" as contemplated by Fed. R. Bankr. P. 3022 with respect to chapter 11 cases. Instead, the closing here was an administrative marking of the dismissed case as one in which no matter was pending requiring the attention of the court. The case arguably was not closed under § 350(a).

Under 11 U.S.C. § 350(b), for cause, a case "may be reopened in the court in which such case was closed" and that provision appears to relate to a case that was closed under § 350(a). The court nevertheless deemed it appropriate to require the filing of a motion to reopen (even if the closing was not under § 350(a))

---

[1] The dismissal here revested all property of the estate in the debtor, whether the property was scheduled or not. See 11 U.S.C. § 349(b)(3). The consequences of the closing of a case under § 350(a) without the case having been dismissed differ, in certain substantive respects, from the consequences of a dismissal. See, e.g., 11 U.S.C. § 554(c) (implicitly providing that property of the estate that was not scheduled remains property of the estate upon the closing of the case).

so that there would be an order marking the case as reopened to reflect that, for purposes of court administration, there is now pending in the case an adversary proceeding that requires the court's attention. (An order reopening the case would have served that same function if the case had been closed after confirmation of a plan and the case were being reopened to entertain the malpractice action.)

As discussed later, this court has subject matter jurisdiction over the malpractice claims. The reopening of the case was not a prerequisite to the invocation of that jurisdiction. *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir. 2002). The closed status of the case was no bar to the defendants' removing the malpractice action,[2] and reopening will simply mark the case, for court administration purposes, as one in which litigation is now pending (the same as would be the case if the malpractice action were removed to this court after a plan had been confirmed and the case closed).

II

Malpractice claims against court-appointed professionals

---

[2] The defendants state that no reopening is required for the adversary proceeding to continue to be entertained. However, they elected to file a motion to reopen instead of contesting the court's order requiring a motion to reopen the case. They have paid the miscellaneous fee owed for the filing of a motion to reopen. The Bankruptcy Court Miscellaneous Fee Schedule does not differentiate between a case closed under § 350(a) versus a case, as here, closed for court administration purposes.

3

stemming from services provided in the bankruptcy proceeding are inseparable from the bankruptcy context, and constitute proceedings "arising in" the bankruptcy, and such claims therefore fall within the bankruptcy jurisdiction of the federal courts.  *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 489-90 (D.C. Cir. 2009).  Additionally, the malpractice claims here include a claim that the defendants failed to disclose a conflict of interest (the defendants' prior representation of a creditor) which amounts to a claim of inadequate disclosure under 11 U.S.C. § 327(a), and the federal courts have exclusive jurisdiction "over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327."  28 U.S.C. § 1334(e)(2).

                                III

The debtor asserts that the defendants lack standing to seek to reopen the case under Fed. R. Bankr. P. 5010 which requires that the entity seeking reopening be the debtor or other party in interest.  Under 11 U.S.C. § 350(b), a closed case may be reopened for cause, and Rule 5010 governs a motion to reopen under § 350(b).  For reasons previously discussed, this case was not closed under 11 U.S.C. § 350(a), and § 350(b) appears to apply to cases closed under § 350(a).  Even if Rule 5010 applies (despite the case *not* having been closed under § 350(a)), the

4

defendants have standing to seek a reopening of the case.  It stands to reason that the defendants' standing to seek reopening in order to have the court address the malpractice claims would be the same whether this was a case closed under § 350(a) after a plan was confirmed, or, instead, as occurred here, was a case closed, for court administration purposes, after the case was dismissed.  Thus, regardless of whether Rule 5010 applies, it makes sense that the defendants would have to be a party in interest in order to seek reopening.

As *Capitol Hill Group* makes evident, professionals sued with respect to their conduct in representing a trustee or debtor in possession in a bankruptcy case have standing to remove the malpractice action.  Such standing logically extends as well to their filing a motion to reopen the bankruptcy case if the bankruptcy court has required reopening as a condition to entertaining the removed malpractice action.  It follows that such a professional sued for malpractice in representing the debtor in the bankruptcy case is a "party in interest" entitled under Fed. R. Bankr. P. 5010 (or otherwise) to move to reopen a closed case.

*In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615 (Bankr. S.D Tex. 2016), the decision upon which the debtor relies in urging that the defendants are not parties in interest with standing to seek reopening, is distinguishable as it did not deal

5

with malpractice claims against professionals who had been employed by the debtor in possession in that case.  The debtor here acted as a debtor in possession, and was subject under 11 U.S.C. § 1107(a) to the duties imposed on a trustee regarding employment of professionals, such that the professionals' employment and their compensation was subject to approval by the bankruptcy court.  The professionals were administrative claimants against the estate.  The defendants in *Odin Demolition* were neither creditors of the estate nor professionals who had held administrative claims against the estate.

IV

That the bankruptcy case has been dismissed does not eliminate the court's subject matter jurisdiction, as the malpractice claims are still claims "arising in" the bankruptcy case.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (court retains jurisdiction to impose sanctions under Fed. R. Civ. P. 11 after a civil action has been dismissed).  Moreover, the malpractice claims effectively challenge compensation orders of this court by seeking a disgorgement of fees, and a bankruptcy court has jurisdiction to interpret and enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S. Ct. 2195, 2205, 174 L. Ed. 2d 99 (2009).  In addition, it is inherent in 11 U.S.C. § 329(b) (dealing with the review of the

6

reasonableness of the compensation of a debtor's attorney) and 28 U.S.C. § 1334(e)(2) (vesting the court with exclusive jurisdiction over 11 U.S.C. § 327 issues) that the court retains jurisdiction even after dismissal of a bankruptcy case to review the reasonableness of attorney compensation relating to that case to assure that a debtor has not been charged unreasonable fees, and to consider the adequacy of an attorney's compliance with 11 U.S.C. § 327.

V

The reopening of the case does not amount to vacating the order of dismissal, and vacating the order of dismissal is not required in order to reopen the case.  Vacating the dismissal order would be required only if the effects of dismissal were to be set aside, and no one is attempting to set aside the dismissed status of the case and the consequences that flowed from that. Instead, reopening the case here is but a recognition that even in the dismissed case an adversary proceeding, over which the court has subject matter jurisdiction, is pending and must be decided.  The reopening marks the case as such.

VI

In light of the foregoing, it is

ORDERED that the motion to reopen (Dkt. No. 490) is granted, and this case is reopened for purposes of disposing of the pending Adversary Proceeding No. 16-10025.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.