The document below is hereby signed.

Signed: December 21, 2016



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION RE MOTION TO RECUSE

Invoking 28 U.S.C. § 455(a) and § 455(b)(1), the debtor seeks to have me recuse myself from hearing this case and the related adversary proceeding that asserts malpractice claims against the debtor's former attorneys, Jeffrey M. Sherman and Lerch, Early & Brewer, Chtd.  The motion must be denied.  As noted in *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987), "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."

I

The debtor contends that my personal knowledge of what transpired in the bankruptcy case is a basis for me to recuse. The Bankruptcy Court sits as a court of record.  Accordingly, any

knowledge that I have acquired regarding the conduct of the attorneys in the bankruptcy case was a matter of public record. That is not "personal knowledge" of "disputed evidentiary facts" for purposes of § 455(b)(1).  *See United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992) ("The district court did not need to recuse itself under § 455(b)(1), because only personal knowledge of disputed evidentiary facts gained in an extrajudicial capacity is grounds for recusal . . . ." (citation omitted)); *Edgar v. K.L.*, 93 F.3d 256, 259 (7th Cir. 1996) ("The point of distinguishing between 'personal knowledge' and knowledge gained in a judicial capacity is that information from the latter source enters the record and may be controverted or tested by the tools of the adversary process.").  Indeed, "it is highly desirable . . . that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding" the case, and as a result is "not likely to be misled by false allegations as to what occurred."  *Carvell v. United States*, 173 F.2d 348, 348-49 (4th Cir. 1949).

                                II

The debtor alleges Sherman stated to me at a hearing of October 20, 2016, words to the effect that "There are only two people who really knew what happened in the Trigee Chapter 11 case, you [Judge Teel] and me."  The debtor's motion fails to set forth the context of that statement.  If the statement was made,

it undoubtedly meant that the debtor's new attorneys who were asserting the malpractice claims do not have the familiarity with the case that Sherman and the court have. Again, as discussed in part I, above, whatever familiarity I had of the bankruptcy case stemmed from knowledge of events in the bankruptcy case gained in a judicial capacity, and is not "personal knowledge of disputed evidentiary facts concerning the proceeding" within the meaning of § 455(b)(1). Moreover, the events are a matter of record readily accessible by the debtor.

### III

The debtor also points to a comment I made at a hearing as allegedly showing that my impartiality might be questioned. Under 28 U.S.C. § 455(b)(1), recusal is required if the judge has "personal bias or prejudice concerning a party," and such bias or prejudice against a litigant must arise from an extrajudicial source for disqualification under § 455(b)(1). *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Under § 455(a), a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As noted in *Tripp v. Exec. Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000):

> To sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an "extrajudicial source" that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a "deep-seated favoritism or antagonism that would make

3

fair judgment impossible." *Liteky [v. United States*, 510 U.S. 540, 555 (1994)]. By contrast, Section 455(b)(1) requires the moving party to demonstrate actual bias or prejudice based upon an extrajudicial source.

Recusal is required under § 455(a) only when the court determines that "an informed observer would reasonably question the judge's impartiality." *United States v. Barry*, 961 F.2d 260, 263 (D.C. Cir. 1992). As observed in *Fairley v. Andrews*, 423 F. Supp. 2d 800, 803 (N.D. Ill. 2006):

> This is an objective standard that asks if a reasonable observer would perceive "a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996). Section 455(a) only applies if a judge's impartiality would be questioned by a "well-informed, thoughtful observer rather than . . . a hypersensitive or unduly suspicious observer." *Hook*, 89 F.3d at 354 (quoting *Matter of Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)).

The remark I made at a hearing that the debtor points to does not establish a need for me to recuse.

The remark must be put in context. Prior to joining Lerch, Early & Brewer, Chtd., Sherman and another attorney, John Tsikerdanos, had represented an entity (which I refer to as Blackburne) that was one of the debtor's mortgagees. After this dismissed case was reopened to consider the malpractice action, Johnnie Mae Durant filed an affidavit speculating that if the debtor had been aware that any of its attorneys in the bankruptcy case represented any entity as a creditor of the debtor in the past, the debtor would not have retained the attorneys. In an

4

oral ruling on a motion to vacate the final fee award to Lerch, Early & Brewer, Chtd., I noted in passing that if the prior representation of Blackburne by Sherman and Tsikerdanos *had* been disclosed to the debtor, I seriously doubted that the debtor would have not employed Sherman and Lerch Early.[1]  The debtor asserts that this shows bias.

My remarks were not a basis for my decision to deny the motion to vacate, and did not constitute a finding, but merely expressed my skepticism as to what would actually have transpired had the disclosure been made.  Nor were the remarks a ruling on Ms. Durant's credibility.  Ms. Durant may honestly believe that the debtor would not have employed the attorneys, but that is a belief addressing a hypothetical situation that did not occur.  I was free to express my skepticism as to what the debtor would have actually done if, hypothetically, the disclosure had been made.  Even if Ms. Durant's belief accurately reflected what would have happened in the hypothetical situation, that outcome would not have altered the outcome of the motion that my decision was addressing.  If the issue of what would have happened in the hypothetical situation would bear on the remaining issues in the

---

[1] The prior representation was this.  A long time before this bankruptcy case began, Sherman and Tsikerdanos had previously sent dunning letters on behalf of Blackburne to the debtor threatening foreclosure, but were no longer representing Blackburne when the bankruptcy case was filed.  That did not strike me as the sort of thing that would cause a debtor to refuse to employ Sherman and Tsikerdanos as attorneys.

5

case and the adversary proceeding, the debtor remained free to convince me that there were reasons why Ms. Durant's after-the-fact belief accurately reflects what would have happened. If anything, my remark alerted the debtor that this was an issue (if it proved to be relevant) on which the debtor might wish to present additional evidence to support Ms. Durant's conclusory statement of what would have happened.

The expression of my skepticism did not go to my integrity or provide any basis for believing that my "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), nor did it provide any basis for believing that I "ha[d] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).

There has been no allegation of bias or prejudice based upon an extrajudicial source, so § 455(b)(1) cannot apply. Moreover, under § 455(a), my passing observation of skepticism as to what would have hypothetically transpired had the prior representation of Blackburne been disclosed does not show, as occurs only in "the rarest circumstances," the presence of a "deep-seated favoritism or antagonism as would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). My remarks do not show a "favorable or unfavorable predisposition . . . **so extreme** as to display clear inability to render fair judgment."

*Id.* at 551 (emphasis added).  No reasonable observer could conclude that my passing remark of skepticism regarding a hypothetical question created an appearance of partiality.  *See In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) (district judge's comment that a party's motion would probably be denied is not enough to prove bias); *see also Hook v. McDade*, 89 F.3d at 355 (district judge's criticism of a motion was insufficient to demonstrate bias).

IV

The debtor also raises my having nominated Sherman for an award regarding his working on establishing the Bankruptcy Assistance Center (which provides legal advice to unrepresented parties in bankruptcy matters) and having recognized Sherman for his work on the court's Advisory Committee on Local Bankruptcy Rules.  Objectively considered, these were not acts that a reasonable person would find indicate that I harbor a bias in favor of Sherman or against the debtor in the bankruptcy case and the adversary proceeding or a bias regarding a particular legal claim or theory asserted in the bankruptcy case or the adversary proceeding such as to require recusal under § 455(a) or § 455(b)(1).  *See Jenkins v. McCalla Raymer, LLC*, 492 Fed.Appx. 968, 970 (11th Cir. 2012).  If a valid malpractice claim lies against Sherman, any praise by me of his work regarding the Bankruptcy Assistance Center or on the Local Bankruptcy Rules

Advisory Committee will not immunize him from such a claim. Under the debtor's position, I would be required to recuse in every case in which Sherman appears as a party or an attorney. Congress cannot possibly have intended that a judge be required not to commend a lawyer for services to the administration of the law lest the judge be required to recuse from hearing cases in which the lawyer is a party or an attorney.

V

In accordance with the foregoing, an order follows denying the debtor's motion to recuse.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.