The document below is hereby signed.

Signed: May 16, 2017



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION RE MOTION FOR CONTEMPT

This supplements the court's oral decision regarding Jeffrey M. Sherman's *Motion for Contempt* which seeks to hold the debtor in civil contempt for failing to comply with an order authorizing and directing the debtor to pay fees awarded to Sherman as interim compensation under section 331 of the Bankruptcy Code (11 U.S.C.). This bankruptcy case was dismissed, but the court retains jurisdiction to enforce orders entered in the case.

"'[T]he judicial contempt power is a potent weapon'" that courts rightly impose with caution. *Joshi v. Prof'l Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987) (quoting *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967)). "[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous,

and the violation must be proved by clear and convincing evidence." *Armstrong v. Exec. Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (per curiam) (citation and internal quotation marks omitted).  Moreover, "[w]hile 'courts have inherent power to enforce compliance with their lawful orders through civil contempt,' courts need not impose the contempt sanction for every violation." *Marshall v. Local Union No. 639*, 593 F.2d 1297, 1303 (D.C. Cir. 1979) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1965) (footnotes omitted).

In the context of the order having been entered in a case pending under chapter 11 of the Bankruptcy Code, the order at issue here, which awarded and directed interim compensation, was not clear and unambiguous because it did not specify a date certain for the debtor to pay the fees awarded.  *See Joshi*, 817 F.2d at 879 (holding that the defendant's two-month delay in signing a contract was not contemptuous where the order to do so "neither specified a date by which the contract was to be executed nor required that it be executed promptly"); *Armstrong*, 1 F.3d at 1277 (ruling that the district court's order enjoining an Archivist to "take all necessary steps" to preserve federal records and declaring existing record-keeping guidelines inadequate, "did not specify that the defendants had an affirmative duty to create new [record-keeping] guidelines by a date certain" and thus the district court had abused its

discretion when it issued sanctions against the defendant for failing to comply with the order at least partially due to the defendant's failure to issue new record-keeping guidelines within four months).[1]

In a chapter 11 bankruptcy case, the debtor may view its financial circumstances as preventing it from immediately paying the fees awarded to an administrative claimant, or may determine that it has other, more pressing needs that require expenditures of its available funds.  When a debtor in possession persists in failing to comply with a direction to pay an award of professional fees, the professional has a wide array of remedies available.  The professional may move for the appointment of a chapter 11 trustee who is perceived as more likely to make the required payment.  Alternatively, the professional may move for conversion of the case to a case under chapter 7 of the Bankruptcy Code, a chapter under which assets can be liquidated

---

[1] The D.C. Circuit also vacated the contempt order in *Armstrong* because the order from the district court underlying the contempt order was a declaratory judgment declaring the existing guidelines to be inadequate rather than an injunction. *Id.* at 1289.  The D.C. Circuit noted: "[E]ven though a declaratory judgment has the force and effect of a final judgment, it is a much milder form of relief than an injunction.  Though it may be persuasive, it is not ultimately coercive; noncompliance with it may be inappropriate, but it is not contempt."  *Id.* (internal quotation marks and citations omitted).  However, that can be viewed as an alternative holding, and *Armstrong* remains consistent with *Joshi* in viewing noncompliance as here, with an order that lacks a date certain for performance, to be insufficient to support a finding of civil contempt.

by a trustee to pay administrative claims to the extent possible. Another option is for the professional to tolerate a delay in payment until a plan is confirmed that includes adequate funding to pay administrative claims.  Finally, a more extreme option is for the professional to move for dismissal of the debtor's case, intending to pursue collection of the administrative claims outside of bankruptcy.  These are the remedies ordinarily employed when a debtor in possession fails to pay a fee award in compliance with a court order.  In light of the remedies available in a bankruptcy case when a debtor in possession fails to comply with an order directing it to pay fees, the order in this case, which lacked a date certain for compliance, was not sufficiently clear and unambiguous such as to warrant a finding of civil contempt for the debtor's failure to comply with the order.

   Even if the order's directive that the debtor pay the fees can be viewed as implicitly requiring payment, at the very least, within a "reasonable time," as Sherman argued at the hearing on the motion for contempt, that standard is a broad and flexible concept as applied in the context of a chapter 11 bankruptcy case; it follows that there has not been a violation of a clear and unambiguous order justifying a finding of civil contempt. *See Hadix v. Caruso*, 465 F. Supp. 2d 776, 801 (W.D. Mich. 2006). Even if the debtor could be viewed as being in violation of the

order by not acting within a reasonable period of time, the context of a chapter 11 case, and the lack of a specific deadline for compliance, would make the violation one for which it is appropriate for the court to exercise its authority to decline to issue a contempt sanction.  *See Marshall*, 593 F.2d at 1303 (acknowledging that courts have the authority to "not impose the contempt sanction for every violation").[2]

Finally, although the order was not specifically cast as a monetary judgment, the court's direction that the fees be paid adjudicated that the debtor had an obligation to pay the fees (albeit subject to review upon the filing of a final fee application) and thus, at the very least, the order comes close to being a monetary judgment.  Civil contempt is generally not an appropriate vehicle for collecting a monetary judgment.  *See, e.g., In re Lezell*, Case No. 15-00104 (Bankr. D.D.C. June 11, 2015); *Sanghvi v. Ali (In re Ali)*, Adv. Pro. No. 10-10012, 2011 WL 1655578, at *2 (Bankr. D.D.C. Apr. 29, 2011); *Patterson v. Am.'s Voice, Inc. (In re Am.'s Voice, Inc.)*, Adv. Pro. No. 00-0006, 2000 WL 33529764, at *1 (Bankr. D.D.C. Oct. 4, 2000). When an order awarding fees in a bankruptcy case directs payment without specifying a deadline for payment, it similarly makes

---

[2]   There does not appear to be a past case in which a court issued a judgment of civil contempt as a method of coercing compliance with an order directing the payment of fees when the order directing payment lacked a date certain for compliance.

sense (particularly in light of the Bankruptcy Code remedies available when fees are not paid as directed) that civil contempt ought not be the vehicle for enforcing the obligation to pay the debt.

This is particularly true once, as in this case, the bankruptcy case has been dismissed.  When professionals are representing the debtor as a debtor in possession in a chapter 11 bankruptcy case, § 331 authorizes a professional to seek interim compensation and reimbursement of expenses, and authorizes the bankruptcy court, after notice and a hearing, to "allow and disburse to such applicant such compensation or reimbursement." As Sherman notes, citing *In re Mansfield Tire and Rubber Co.*, 19 B.R. 125, 127 (Bankr. N.D. Ohio 1981), § 331 implicitly recognizes that qualifying professionals are entitled to receive payment from the bankruptcy estate of fees awarded on an interim basis so that the professionals are not financing the debtor's reorganization efforts by way of payment of their fees being deferred.  Once a bankruptcy case has been dismissed, there is no ongoing reorganization effort, the property of the estate has revested in the debtor under 11 U.S.C. § 349(b)(3), there is no longer a bankruptcy estate from which to disburse the owed fees, and the court, accordingly, can no longer order disbursement of payment from the estate.  Upon dismissal of the case, the professional is implicitly left to enforce payment of the owed

fees by utilizing nonbankruptcy law remedies (under which monetary obligations are collected not through contempt proceedings but via the execution process for enforcement of a judgment for the debt).

Imposing contempt sanctions here is inappropriate for another, alternative reason. The debtor is pursuing an adversary proceeding against Sherman, asserting a monetary claim against Sherman that arose postpetition. The debtor is entitled to assert the right of setoff as a defense to the debt it owes to Sherman. If the debtor had already obtained a monetary judgment against Sherman in an amount exceeding the amount of Sherman's fee award, there could hardly be a tenable argument that the debtor is nevertheless obligated to pay the fees to Sherman as directed by the interim fee award order. Until the court disposes of the adversary proceeding against Sherman, there will be no adjudication of the debtor's defense that its claim against Sherman will eliminate the debt owed to Sherman by way of setoff. The order at issue, awarding interim compensation to Sherman and directing the debtor to pay Sherman the awarded fees with no explicit deadline for making the payment, ought not be enforced by way of a contempt motion when the court has not yet determined whether the setoff defense to Sherman's claim has merit, particularly when the interim fee order was not a final

appealable order having preclusive effect with respect to the debtor's claim against Sherman.

An order follows denying the *Motion for Contempt*.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.