The document below is hereby signed.

Signed: July 26, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TRIGEE FOUNDATION, INC., | ) | Case No. 12-00624 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION TO QUASH

The debtor has filed a motion to quash a writ of execution obtained by Lerch, Early & Brewer, Chtd. ("Lerch Early"). Under 11 U.S.C. § 1101(1), the debtor served as a debtor in possession in this case until the case was dismissed. Prior to the dismissal of the case, Lerch Early obtained three orders approving compensation for its representation of the debtor as a debtor in possession. Two of those orders, including the last order, granting a final application for approval of compensation, provided that "the Debtor be, and is hereby authorized and directed to make payment of the fees awarded herein."[1] The case

---

[1] The remaining order barred such payment "pending entry of an order authorizing use of cash collateral or the consent of the secured creditors with an interest in cash collateral," but arguably the final order allowing compensation directed payment of the fees awarded by all three orders.

was later dismissed without a plan having been confirmed.  After the case was dismissed, Lerch Early sought and obtained the clerk's issuance of the writ of execution.

The debtor is correct that the orders were not money judgments, and that, accordingly, the writ should be quashed. *See In re 3109, LLC*, 2014 WL 1655415 (Bankr. D.C. Apr. 25, 2014). Lerch Early argues that "unlike in *In re 3109, LLC*, where the confirmed plan created a contract that governed who was paid and when, here the fees were awarded in a case that was dismissed with no confirmed plan and, therefore, no contract governing the payment of fees."  However, under the reasoning of *In re 3109, LLC*, the orders in that case would not have been money judgments even if no plan had been confirmed.  As in *In re 3109, LLC*, the orders at issue here allowed the fee claims as administrative claims to be paid from the estate and did not purport to be money judgments.

First, regardless of whether a case proceeds to a confirmed plan or not, allowance of a claim as a claim against the estate does not constitute entry of a money judgment.  Such allowance merely determines that the claimant is entitled to a distribution from the bankruptcy estate being administered.  *See Ziino v. Baker*, 613 F.3d 1326, 1328-29 (11th Cir. 2010).

Second, that the orders (in two instances) authorizing and directing the debtor to pay the amounts awarded did not convert

the orders into money judgments. The orders must be viewed in the light of having been entered in a bankruptcy case in which a bankruptcy estate was being administered. Distributions from a bankruptcy estate in payment of allowed claims are only permitted as authorized and directed by order of the court. Two provisions, 11 U.S.C. §§ 331 and 1107(a), are pertinent in that regard and demonstrate that the orders were not money judgments.

Under § 331, the bankruptcy court is authorized to direct distributions from the estate in payment of allowed fees of a professional prior to distributions being made under a confirmed plan (or, in a chapter 7 case, the approval of the chapter 7 trustee's final report regarding distributions from the estate). During the pendency of the case, Lerch Early could have taken steps to address any failure by the debtor to comply with the directive to pay the fees from the estate. As noted in *In re Trigee Found., Inc.*, No. 12-00624, 2017 WL 2126785, at *2 (Bankr. D.D.C. May 16, 2017):

> When a debtor in possession persists in failing to comply with a direction to pay an award of professional fees, the professional has a wide array of remedies available. The professional may move for the appointment of a chapter 11 trustee who is perceived as more likely to make the required payment. Alternatively, the professional may move for conversion of the case to a case under chapter 7 of the Bankruptcy Code, a chapter under which assets can be liquidated by a trustee to pay administrative claims to the extent possible. Another option is for the professional to tolerate a delay in payment until a plan is confirmed that includes adequate funding to pay administrative claims. Finally, a more extreme option is for the professional to move for

3

>           dismissal of the debtor's case, intending to pursue
>           collection of the administrative claims outside of
>           bankruptcy.  These are the remedies ordinarily employed
>           when a debtor in possession fails to pay a fee award in
>           compliance with a court order.

Once a bankruptcy case has been dismissed, the property of the estate has revested in the debtor under 11 U.S.C. § 349(b)(3), and there is no longer a bankruptcy estate from which the court can cause disbursement of the owed fees.

Under § 1107(a), the debtor, who serves as a debtor in possession throughout the case (unless displaced as such by the appointment of a trustee), exercises the powers of a trustee and is subject in relevant part to the duties of a trustee. Obviously, the orders awarding compensation would not have been money judgments against the debtor if a trustee had been appointed and the orders had directed the trustee to pay the fees.  Nor should they be viewed as money judgments on the basis that, instead, no trustee was appointed and the orders directed "the Debtor" to make the payments.  The debtor had possession of the property of the estate only in its capacity as a debtor in possession.  The orders directing payment, as authorized by § 331, were therefore necessarily directed to the debtor in that capacity.  Accordingly, the effect of the orders was no different than if a trustee had been appointed and the orders had directed the trustee to make payment of the claims.  The court was authorizing and directing the debtor, as a debtor in possession,

4

to make payment from the estate, not entering money judgments that could be executed upon after dismissal of the case.

The orders were not intended to be money judgments collectible by way of writs of execution after the dismissal of the case. Each of the applications for compensation did not request entry of a money judgment, and it would not have made sense for this court to issue a money judgment in favor of Lerch Early enforceable against non-estate assets: entering such a money judgment would have had no impact on the administration of the estate (which ceased to exist upon dismissal), and would have been unnecessary to the administration of the case. In any event, with exceptions of no relevance here, Fed. R. Bankr. P. 7001(1) provides that a proceeding to recover money is an adversary proceeding, and Fed. R. Bankr. P. 7003 requires that an adversary proceeding be commenced by the filing of a complaint. The orders here arose from applications for compensation, not from an adversary proceeding complaint seeking a money judgment. As a matter of Federal bankruptcy law, the orders were limited to directing payment from the estate.

That, as a matter of bankruptcy law, the fee orders here were not money judgments is further illustrated by the fact that fee awards do not accrue post-judgment interest as money judgments would. The case law explains that 28 U.S.C. § 1961, which provides for post-judgment interest, does not apply to

5

bankruptcy fees because fee awards are not money judgements but compensation for expenses of the bankruptcy case. *St. Paul Fire and Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010-11 (4th Cir. 1985) ("[h]owever, that statutory provision is inapplicable to the grant of attorneys' fees in a bankruptcy case. Attorneys' fees in bankruptcy are an expense of administering the estate and do not fall within the scope of 28 U.S.C. § 1961"); *In re Asarco LLC*, 2013 WL 6190455 *10 (S.D. Tex. 2013) ("fee awards are not money judgments. Instead, they are expense reimbursements. Since orders awarding fees are not civil judgments, Section 1961 does not apply."); *In re El Comandante Mgmt. Co.*, 395 B.R. 807, 818 (D.P.R. 2008) ("However, judgements which do not involve money awards are not subject to 28 U.S.C. § 1961. Section 1961 is inapplicable to the grant of attorneys' fees in a bankruptcy case because attorneys' fees in bankruptcy are an expense of administering the estate and, therefore, do not constitute a money judgment.") (internal quotes omitted). Some courts have allowed for the payment of interest on fee awards, but have authorized such interest as an enhancement of compensation based on delay, not as interest accruing on a money judgment. *In re Energy Coop., Inc.*, 95 B.R. 961, 968 (Bkrtcy. N.D. Ill. 1989) ("[t]his Court has already adequately explained that interest is awarded as an enhancement for delay in payment").

    Lerch Early argues that D.C. Code § 15-301 provides, for

6

purposes of D.C. Code provisions dealing with writs of execution, that "'judgment' includes an unconditional decree for the payment of money," such that the orders at issue directing payment of the fees awarded are judgments for which writs of execution may issue.  However, Fed. R. Civ. P. 69(a) only permits the enforcement of a "money judgment."  Here, as a matter of Federal bankruptcy law, there was no money judgment.  While Rule 69(a) does require that D.C. law govern the proceedings relating to executing on a money judgment, it further states "a federal statute governs to the extent it applies," thus recognizing that Federal law may preempt state statutes dealing with execution.  By the same token, Federal bankruptcy law preempts any provision of D.C. law defining what is a money judgment.  Whether an order is a "money judgment" within the meaning of Rule 69(a) is a Federal question, and Rule 69(a) does not require the court to apply D.C. Code § 15-301 in addressing that Federal question.  This is not a case in diversity nor a case applying D.C. law governed by *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), and its extensive progeny.  This case concerns an order issuing from this court under the Bankruptcy Code.  The Bankruptcy Code does not recognize the orders in this case as money judgments, but as claims against a bankruptcy estate.  Therefore, even if D.C. law would recognize the underlying order as "an unconditional decree

for the payment of money,"[2] Federal law compels treating the orders as not "money judgments" to which Rule 69(a) applies.

Also, the orders here were issued to the debtor as a debtor in possession and, as such, directed payment from property of the estate. This court's authority to compel payment from property of the estate ceased upon dismissal of the case, as the estate had ceased to exist based on the property of the estate having revested in the debtor. The orders may have been "unconditional" in directing the debtor to make payment from the property of the estate; however, they only governed the debtor's obligation, as a debtor in possession, to make distributions from the property of the estate and did not purport to address collection of the fees once the case was dismissed. Upon dismissal, the debtor no longer was a debtor in possession, the property of the estate revested in the debtor, and the bankruptcy estate ceased to exist.

It is true, as Lerch Early notes, that once the order granting the final fee application was entered, the three orders awarding compensation were appealable and the orders had *res*

---

[2] There is case law that supports the position that "unconditional decree" is a term that refers to interlocutory non-final judgments that are meant to be money judgments. *See Lynham v. Grant*, 64 App. D.C. 146 (1935)(holding that an interlocutory decree ordering the payment of alimony where such alimony was not ordered in a final decree of divorce was still a final judgment enforceable under D.C. Code § 1104, the predecessor to § 15-301). The term is not intended to create money judgments where they do not exist.

*judicata* effect with respect to the issue of whether the fees are obligations owed by the debtor. *See EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 (2d Cir. 2007); *In re Baudoin*, 981 F.2d 736, 742 (5th Cir. 1993). However, as noted in *Ziino v. Baker*, 613 F.3d at 1328-29:

> [A] "judgment" is a term whose meaning depends on the context in which it is used. For instance, a "final judgment" can simply be "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Additionally, . . . a "final judgment" can be any resolution of a dispute from which a preclusive effect flows. *See*, *e.g.*, *Baudoin*, 981 F.2d at 742. But, in terms of a judgment subject to execution, a "money judgment" must exist. See Fed. R. Civ. P. 69(a)(1) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").
> An allowed claim in bankruptcy serves a different objective from that of a money judgment—it permits the claimant to participate in the distribution of the bankruptcy estate. *See* 11 U.S.C. § 507 (2006); 4 *Collier on Bankruptcy* ¶ 501.01[2][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.2010). "[T]he assertion of a claim in bankruptcy is, of course, not an attempt to recover a judgment against the debtor but to obtain a distributive share in the immediate assets of the proceeding." *Matter of Mobile Steel Co.*, 563 F.2d 692, 700 (5th Cir. 1977) (quoting *In re Kansas City Journal-Post Co.*, 144 F.2d 791, 803-04 (8th Cir. 1944)); *see also* 10 *Collier on Bankruptcy* ¶ 7069.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) ("By its terms, Civil Rule 69 is applicable to enforcement of only judgments for the payment of money. . . . If the underlying cause of action against the estate arose prepetition, it normally will be dealt with as a claim to be satisfied by a distribution upon liquidation or under a reorganization plan. . . .").

The appealable nature of the orders at issue here and their res judicata effect did not make them money judgments.

For the aforesaid reasons, an order follows granting the motion to quash.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.