The order below is hereby signed.

Signed: July 26 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
TRIGEE FOUNDATION, INC.,           )      Case No. 12-00624
                                   )      (Chapter 11)
            Debtor.                )
                                   )      Not for publication in
                                   )      West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER RE MOTION FOR PROTECTIVE ORDER

The debtor has filed a _Motion for Protective Order_, seeking

to be relieved from any obligation to comply with the Subpoena

and Notice of Deposition _Duces Tecum_ issued by Lerch, Early

& Brewer, Chtd. ("Lerch Early") for purposes of collecting fees

that this court awarded to Lerch Early.  For reasons discussed in

a _Memorandum Decision re Motion to Quash_ of this date, the orders

awarding compensation to Lerch Early were not monetary judgments.

Accordingly, Lerch Early is not entitled to take discovery in aid

of collecting the amounts awarded.  Lerch Early may pursue

obtaining a monetary judgment against the debtor in a court of

competent jurisdiction, and then pursue discovery in aid of

collecting any such judgment.[1]  It is thus

ORDERED that the debtor's *Motion for Protective Order* is

GRANTED.  It is further

ORDERED that the debtor, Trigee Foundation, Inc., is

relieved from any obligation to comply with the Subpoena and

Notice of Deposition *Duces Tecum* issued by Lerch Early, copies of

which are attached as an Exhibit to the *Motion for Protective*

*Order*.  It is further

ORDERED that, there being no monetary judgment against the

debtor, Lerch Early is not entitled at this juncture to pursue

discovery from the debtor under Fed. R. Civ. P. 69(a)(2).

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.

---

[1]  Because this case has been dismissed, it is unclear
whether this court would have subject matter jurisdiction over an
adversary proceeding to recover such a judgment.  Such a judgment
would have no impact on the administration of the bankruptcy
estate that existed in this case.  Administration of that estate
ceased upon dismissal of the case because the property of the
estate revested in the debtor upon dismissal of the case.

2